Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Miriam Vélez García<br><br>Recurrida<br><br>vs.<br><br>Pedro L. Hernández Claudio por sí y en representación de G & G Windows and Doors MGN, Inc.<br><br>Peticionario | KLCE202300081 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Civil Núm.: GM2021CV00194<br><br>Sobre: *Injunction* Provisional, Preliminar y Permanente; Acción Derivativa; Daños |

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores.

Rivera Colón, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece ante nos, el señor Pedro L. Hernández Claudio (Sr. Hernández Claudio o parte peticionaria), quien presenta recurso de *Certiorari* en el que solicita la revocación de la "Resolución" emitida y notificada el 3 de enero de 2023, por el Tribunal de Primera Instancia, Sala Superior de Guayama. Mediante el referido dictamen, el Foro Primario declaró Con Lugar la "Moción Solicitando Reconsideración a Resolución" presentada por la señora Miriam Vélez García (Sra. Vélez García o parte recurrida).

El 30 de enero de 2023, emitimos una "Resolución" mediante la cual le otorgamos a la parte recurrida un término de veinte (20) días,[1] contados a partir de la notificación de dicha "Resolución", para someter su alegato en oposición. El referido término venció el 21 de febrero de 2023, por lo que, habiendo transcurrido el

---

[1] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5).

Número Identificador

SEN2023 _____

término concedido, procedemos a dar por perfeccionado el presente recurso, y a resolverlo sin el beneficio de su comparecencia.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos el dictamen mediante los fundamentos que expondremos a continuación.

## I.

El 30 de abril de 2021, el Tribunal de Primera Instancia emitió una "Sentencia" mediante la cual declaró Con Lugar una demanda de divorcio bajo la causal de ruptura irreparable, decretando disuelto el vínculo matrimonial habido entre las partes. Como parte del dictamen, el Foro Primario plasmó varias órdenes, entre las cuales, dispuso que, "[l]a Sra. Miriam Vélez García continuar[á] ocupando el bien ganancial que constituyó el hogar del matrimonio".[2] El hogar de matrimonio, objeto de la presente controversia, se localiza en la Urbanización Gran Vista II en el municipio de Gurabo.

Así las cosas, el 16 de junio de 2021, Sr. Hernández Claudio presentó una "Demanda", y solicitó la división de la comunidad de bienes post ganancial. Según surge del expediente, esta reclamación fue consolidada con el caso número GM2021CV00194, ante el Foro Recurrido. El referido caso, inició como una acción derivativa, donde se dilucidaban los asuntos relativos a una corporación perteneciente a ambas partes.

Poco más de un año después, el 8 de agosto de 2022, el Sr. Hernández Claudio presentó un escrito ante el Tribunal de Primera Instancia,[3] y solicitó que se le ordenase a la Sra. Vélez García a pagar un canon de renta por el uso exclusivo de la propiedad inmueble que constituyó el hogar matrimonial. La parte recurrida

---

[2] Véase, pág. 11 del apéndice que acompaña el presente recurso.
[3] Véase, "Réplica a Varias Mociones; En Solicitud de que se Ordene a la Demandante al Pago de Rente [sic] por uso Exclusivo".

se opuso a la solicitud,[4] y señaló que, imponer el pago de renta violentaba la orden que se dictó en la "Sentencia" de divorcio, toda vez que éste era el hogar seguro de la Sra. Vélez García.

El 7 de septiembre de 2022,[5] el Foro *a quo* emitió una "Resolución", y determinó que la Sra. Vélez García no podía invocar el hogar seguro, por las siguientes razones: (1) no había menores residiendo en el hogar, y (2) los remedios provisionales se pueden modificar en un pleito de partición de comunidad post ganancial.

Luego de varios trámites procesales, el Tribunal le otorgó a la parte recurrida un término para que se expresara respecto a la cuantía de $2,700.00 mensual en concepto de renta que solicitó el Sr. Hernández Claudio. Así, el 21 de noviembre de 2022, la Sra. Vélez García presentó una "Moción en Cumplimiento de Orden sobre Solicitud de Pago de Renta sobre el Hogar Ganancial", y reiteró que el pago por renta es improcedente en derecho. Lo anterior, por quedar constituido el derecho a hogar seguro en la "Sentencia" de divorcio. Además, arguyó que, los Arts. 481 y 482 del Código Civil de Puerto Rico, 31 LPRA sec. 6855-6856, disponen que el reclamo de hogar seguro tiene el efecto de retirar el inmueble del proceso de liquidación del régimen económico matrimonial, por lo que se debe dilucidar cualquier controversia sobre el hogar seguro en el mismo Tribunal que emitió la "Sentencia".

Al día siguiente, el Sr. Hernández Claudio presentó una "Réplica a Moción en Cumplimiento de Orden", y planteó que, en esa etapa, no procedía dilucidar si se constituyó o no el hogar seguro, pues ya este argumento había sido resuelto por el Foro Primario.

---

[4] Véase, "Oposición al Pago de Renta" del 19 de agosto de 2022.
[5] Notificada en igual fecha.

Evaluadas las mociones presentadas por ambas partes, el 22 de noviembre de 2022,[6] el Tribunal de Primera Instancia emitió una "Resolución" mediante la cual declaró No Ha Lugar la "Moción en Cumplimiento de Orden sobre Solicitud de Pago de Renta sobre el hogar Ganancial" presentada por la Sra. Vélez García, y señaló una vista evidenciaria para la fijación del canon de arrendamiento.

Insatisfecha, el 8 de diciembre de 2022, la Sra. Vélez García presentó una "Moción Solicitando la Reconsideración a Resolución" en la cual reiteró la aplicación de la figura del hogar seguro. El Sr. Hernández Claudio se opuso a la solicitud de la parte recurrida.[7]

Contando con la posición de ambas partes, el 3 de enero de 2023, el Tribunal de Primera Instancia emitió una "Resolución", declarando Con Lugar la "Moción Solicitando la Reconsideración a Resolución" presentada por la parte recurrida. Razonó que, en primer lugar, con la aprobación del Código Civil de 2020 se extendió el derecho de hogar seguro a los excónyuges, aún sin la procreación de hijos en común. En segundo lugar, determinó que procedía objetar o modificar el derecho de hogar seguro ante el tribunal que emitió la "Sentencia", en este caso, el Tribunal de Primera Instancia, Sala Superior de Caguas. Por tanto, concluyó que el inmueble no es parte de la liquidación, sino hasta que el Tribunal de Primera Instancia, Sala Superior de Caguas, disponga lo contrario.

Inconforme, el Sr. Hernández Claudio recurre ante este foro apelativo intermedio, y plantea la comisión del siguiente señalamiento de error:

> *Primer Error: Erró el Honorable Tribunal de Primera Instancia al declarar con lugar la moción de reconsideración presentada, por no poseer jurisdicción para resolver la misma controversia, lo cual ya había constituido cosa juzgada. Al hacerlo, abusó de su*

---

[6] Notificada el 23 de noviembre de 2022.
[7] Véase, "Réplica a Moción de Reconsideración" presentada el 2 de enero de 2023.

*discreción al incurrir en prejuicio, parcialidad y error manifiesto.*

**II.**

En lo pertinente, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone que "[l]a parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, **dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución**, una moción de reconsideración de la orden o resolución". (Énfasis nuestro). Esta moción "debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales". *Íd.* De lo contrario, "será declarada 'sin lugar' y se entenderá que no ha interrumpido el término para recurrir". *Íd.*

Por consiguiente, ante la presentación y notificación oportuna de esta moción, el tribunal deberá examinar "la particularidad y especificidad de los hechos y el derecho que el promovente entiende que el tribunal debe reconsiderar". *Pueblo v. Rosario Paredes*, 2022 TSPR 46, 209 DPR ___. Independientemente de que el promovente no logre que el tribunal reconsidere, su solicitud interrumpirá automáticamente el plazo para acudir en alzada, salvo que se trate de una moción escueta y sin fundamentos. *Íd.*

En lo concerniente, cuando una moción de reconsideración es notificada fuera del término de cumplimiento estricto que dispone la Regla 47, *supra,* es posible que dicho término sea prorrogado, **siempre y cuando la parte que presenta la solicitud cumpla con la carga de acreditar la justa causa que les impidió**

**notificar oportunamente**. *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 176 (2016).

**III.**

Según se desprende del trámite procesal ya discutido, y tras haberse declarado disuelto el matrimonio entre las partes de epígrafe, el Sr. Hernández Claudio solicitó que se le ordenase a la Sra. Vélez García a pagar un canon de renta por el uso exclusivo de la propiedad inmueble que constituyó el hogar matrimonial. La parte recurrida se opuso, toda vez que éste era hogar seguro, según la orden que se dictó en la "Sentencia" de divorcio.

El **7 de septiembre de 2022**, el Tribunal *a quo* emitió una "Resolución" mediante la cual determinó que, en la "Sentencia" de divorcio, no se constituyó el derecho de hogar seguro, y que procedía el pago de renta por el uso exclusivo del inmueble. **La Sra. Vélez García no solicitó la revisión de dicha determinación dentro del término dispuesto en ley**. Véase, Regla 47 de Procedimiento Civil, *supra*.

No fue hasta el **21 de noviembre de 2022** que la parte recurrida presentó una "Moción en Cumplimiento de Orden sobre Solicitud de Pago de Renta sobre el Hogar Ganancial", y reiteró que, por quedar constituido el derecho a hogar seguro, el canon de renta es improcedente en derecho.

Al día siguiente, el foro *a quo* emitió una "Resolución" mediante la cual declaró No Ha Lugar la "Moción en Cumplimiento de Orden sobre Solicitud de Pago de Renta sobre el hogar Ganancial" presentada por la Sra. Vélez García, y señaló una vista evidenciaria para la fijación del canon de arrendamiento.

No obstante, el **8 de diciembre de 2022**, la Sra. Vélez García presentó una "Moción Solicitando la Reconsideración a Resolución", y reiteró la aplicación de la figura del hogar seguro. A pesar de que el Sr. Hernández Claudio se opuso a la solicitud de la

parte recurrida, **y señaló que dicho argumento ya había sido resuelto por el foro primario**, el 3 de enero de 2023, el foro recurrido declaró Con Lugar la "Moción Solicitando la Reconsideración a Resolución" presentada por la parte recurrida.

Ante este cuadro fáctico, la parte peticionaria sostiene que el Tribunal de Primera Instancia erró al declarar Con Lugar la "Moción Solicitando la Reconsideración a Resolución", toda vez que no poseía jurisdicción para resolver dicha controversia. Le asiste la razón.

Como puede observarse, el **7 de septiembre de 2022** fue la fecha en que el Tribunal de Primera Instancia emitió y notificó una "Resolución" resolviendo el planteamiento del hogar seguro. **A partir de dicha fecha**, **la Sra. Vélez García ostentaba de un término de cumplimiento estricto de quince** (15) **días para solicitar la reconsideración del dictamen interlocutorio**. Resulta pertinente mencionar que, ante el paso de la tormenta tropical Fiona por nuestra Isla, **el Tribunal Supremo de Puerto Rico decretó**, **mediante Resolución**, **la extensión de** "**todo término que haya vencido o que venza entre el lunes 19 de septiembre de 2022 y el lunes 10 de octubre de 2022, inclusive**, **se extenderá hasta el martes 11 de octubre de 2022**". Véase, *In re Medidas Judiciales ante emergencia tras el paso del Huracán Fiona*, 2022 TSPR 118. (Énfasis en el original). No obstante lo anterior, **la parte recurrida nunca solicitó la reconsideración de la "Resolución" del 7 de septiembre de 2022 dentro de la extensión concedida**. Sino que, no fue hasta el **21 de noviembre de 2022** y el **8 de diciembre de 2022** que la parte recurrida presentó mociones reiterando la aplicación de la figura del hogar seguro.

Ante este cuadro fáctico, la Sra. Vélez García debía, como mínimo, **demostrar y acreditar justa causa para la dilación**.

Tratándose de un término de cumplimiento estricto, "[l]os tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto automáticamente". *Rivera Marcucci v. Suiza Dairy*, *supra*, a la pág. 170. **No habiéndose demostrado la justa causa**, **el foro adjudicativo no poseía discreción para extender el término de cumplimiento estricto**. En conformidad con esto, abusó de su discreción el Tribunal de Primera Instancia al reconsiderar su dictamen, mediante la presentación de una solicitud de reconsideración tardía, para la cual la parte recurrida no demostró justa causa.

## IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, se revoca la "Resolución" emitida el 3 de enero de 2023, por el Tribunal de Primera Instancia, Sala Superior de Guayama, toda vez que la solicitud de reconsideración fue tardía, y la parte recurrida no demostró justa causa para la dilación.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones